UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                                ORDER

WILBUR RANDOLPH,                         14-CR-476-13 (CS)

                Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Wilbur Randolph's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 528, 536), and the Government's opposition thereto, (Doc. 535).[1]

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with

---

[1] The Government is directed to send to chambers for filing under seal unredacted hard copies of the medical records it supplied to the Court electronically.

one of the above.² "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

On March 6, 2020, Defendant was resentenced to 120 months' imprisonment. (Doc. 458.) Because Defendant has appealed that sentence, I lack jurisdiction to grant the relief sought, but I may deny it, defer ruling on it, or issue an indicative ruling that I would grant it if jurisdiction were returned to me or that it raises a substantial issue. Fed. R. Crim. P. 37(a). In this case I deny the motion.

Defendant states that he contracted COVID-19 while in transit after his resentencing, and spend 19 days in quarantine, which was located in the Special Housing Unit ("SHU"). Fortunately, Defendant did not suffer a severe case of COVID-19 and has recovered.³ Now that he has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense. "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States*

---

²Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons [("BOP")], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]." But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

³Defendant tested positive on October 21, 2020 and was asymptomatic at that time. He had minor symptoms ("some wheezing, mild weakness and runny nose") when seen on October 28, 2020. His vital signs then, and at his most recent medical visit on December 8, 2020, were normal.

*v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); *United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19.").

It is unfortunate that Defendant had to spend nineteen days in the uncomfortable confines of the SHU. But that period of confinement under those conditions – temporary and necessitated for safety – does not rise to the level of extraordinary and compelling. Defendant further notes that cases are on the rise at FCI Allenwood Low, where he is incarcerated and that he has asthma.[4] He fears a more serious case should he contract the virus again. Fortunately, reinfections are "vanishingly rare."

https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html?searchResultPosition

---

[4] Defendant's Presentence Report stated that he was born with asthma but it subsided as he grew. (Doc. 440 at 33.) His Bureau of Prisons ("BOP") medical records are consistent with that representation; they show that he reported on December 8, 2020 that he had asthma when he was young but has not used an inhaler since middle school; that he does not wheeze, feel short of breath or experience nighttime symptoms of asthma; and that while he gets winded with exercise – which is no surprise – he is able to catch his breath when he stops. In any event, the Centers for Disease Control identify asthma only as a factor that, *if* it is moderate to severe, *might* present an increased risk for severe illness if one contracts COVID-19. Defendant has done so and did not suffer severe illness.

=1, and it appears that those who have had the disease have strong protection, *see* https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html?searchResultPosition=3. Thus, the remote possibility of reinfection does not make Defendant's situation extraordinary or compelling.

Even if extraordinary and compelling circumstances existed, I would still have to consider the § 3553(a) factors. For the reasons outlined at Defendant's recent resentencing, a ten-year sentence is appropriate. Defendant has served approximately six years.[5] A six-year term would be insufficient in light of the § 3553(a) factors, including the nature and seriousness of the offense.

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to send terminate the pending motion, (Doc. 28), and send a copy of this order to Wilbur Randolph, No. 71755-054, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA 17887.

Dated: December 23, 2020
       White Plains, New York

                                       *Cathy Seibel*
                                       CATHY SEIBEL, U.S.D.J.

---

[5] Defendant's release date, according to BOP, is June 17, 2023. Defendant says he has been accepted into the Residential Drug Treatment Program ("RDAP"), which will get him a one-year sentence reduction if he completes it successfully, but RDAP has been temporarily suspended. That is another unfortunate result of the pandemic. But there is every reason to believe that RDAP can resume during the coming year, and if Defendant completes it – which at this point is speculative – he can obtain a sentencing benefit.